UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OGECHUKWU ONUIGBO,

                Petitioner,           **MEMORANDUM AND ORDER**

  -against-                                           14-CV-734 (RRM)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      On January 28, 2014, petitioner Ogechekwu Onuigbo filed a letter (Pet. (Doc. No. 1)), addressed to the Honorable Sterling Johnson Jr., requesting that the Court vacate his 1991 conviction in this district for importation of heroin. *United States v. Onuigbo*, 90 CR 353 (E.D.N.Y.); Pet. at 3 (ECF pagination). For the reasons set forth below, the petition is denied.

## BACKGROUND

      On May 30, 1991, petitioner was convicted in this district of importation of heroin, in violation of 21 U.S.C. § 952(A), and sentenced to time served and five years of supervised release. *Onuigbo*, 90 CR 353 (E.D.N.Y. May 30, 1991); Pet. at 3–5 (ECF pagination).[1] Onuigbo states that he completed his period of supervised release in 1996 and applied for naturalization as a United States citizen on May 13, 2013, but that his naturalization application is "on hold because of the 1990 case." (Pet. at 1.)[2] He requests "assistance in vacating the sentence" but asserts no legal basis for the Court to so vacate. Onuigbo annexes to his petition information related to medical visits indicating that he is being treated for heart disease and other ailments. He also encloses letters from friends and family members attesting to his good character.

---

[1] In his petition, Onuigbo states that he served 14 months in jail. (Pet. at 1.)

[2] Letters from Probation Offices in the Middle District of Florida and the Northern District of Georgia indicate that his period of supervision terminated on May 29, 1996. (Pet. at 28–29 (ECF pagination).)

1

## DISCUSSION

28 U.S.C. § 2255 provides that a prisoner in custody "under sentence of a court established by Act of Congress, claiming the right to be released because sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The petitioner must be "in custody" pursuant to the conviction or sentence under attack when he files the petition. *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (finding the petitioner was no longer in custody where his supervised release had expired when he filed petition). The collateral consequences of a conviction for which a sentence has completely expired do not render a petitioner "in custody." *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008).

Here, Onuigbo filed his petition when he was no longer in custody pursuant to the 1991 conviction and judgment. He therefore fails to satisfy the "in custody" requirement, and as a result, the Court lacks jurisdiction over a petition pursuant to 28 U.S.C. § 2255.[1]

The Court has also considered whether Onuigbo may seek a writ of error *coram nobis*, which may be available where a petitioner who is no longer in custody seeks to redress ongoing adverse consequences resulting from an illegally imposed conviction or sentence. *Chaidez v. United States*, – U.S. –, 133 S. Ct. 1103, 1106, n.1 (2013); *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). To seek such relief, a petitioner must show that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failing to

---

[1] Moreover, even if petitioner were in custody pursuant to the conviction he challenges, the petition would likely be dismissed as time-barred under the one-year statute of limitations established in 28 U.S.C. § 2255(f).

seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting the writ. *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998). *Coram nobis* relief is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid. *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) ("A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where extraordinary circumstances are present.") (internal quotation marks omitted).

Although Onuigbo suggests that he continues to suffer legal consequences as a result of his 1991 conviction and sentence, he has not established that compelling circumstances require vacating the sentence in the interests of justice. He has not alleged "errors of the most fundamental character" that would render his sentence unconstitutional or unjust. *Foont,* 93 F.3d at 78. He merely asserts that he wishes not to suffer the potential immigration consequences of his conviction. Because Onuigbo has not established grounds for *coram nobis* relief, the Court has no jurisdiction to vacate the conviction or sentence pursuant to the All Writs Act.

As there are no grounds for relief from the conviction or sentence pursuant to 28 U.S.C. § 2255 or the All Writs Act, Onuigbo's request to vacate his sentence is denied.

## CONCLUSION

The petition is denied. Because Onuigbo has not made a substantial showing of the denial of any constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close this case in accordance with the accompanying Judgment, mail petitioner a copy of said Judgment and this Memorandum and Order, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
July 3, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge